## DANIEL N. HASTINGS v. HUGH McGOOGIN AND MARTIN ALVORD.

ACT OF CONGRESS CONCERNING SUSCOL RANCHO. — The Act of Congress of March 3d, 1863, providing for the survey and sale to the purchasers from Vallejo of the land known as the Suscol Rancho, withdraws said land from the operation of the general laws providing for the disposal of the public lands.

SUSCOL RANCHO.—Prior possession by an inclosure, and a claim made before the Register and Receiver to purchase land, a portion of the so-called Suscol Rancho, within one year from March 3d, 1863, by one who was a *bona fide* purchaser from Vallejo, entitles him to recover in ejectment as against one who enters after March 3d, 1863, and claims the same land under the general pre-emption laws of the United States.

APPEAL from the District Court, Seventh Judicial District, Napa County.

The facts are stated in the opinion of the Court.

*Swan & Hays*, for Appellants.

This Court will take judicial knowledge that the claim to the Suscol Rancho as a Mexican grant was finally rejected by the Supreme Court of the United States. (*Vallejo* v. *United States*, Black's Reports.)

The entry of defendants was authorized by the United States as the first step to be taken in her primary disposition of the land; and to oust defendants from the same by this suit is in violation of the Act admitting California into the Union, as it interferes with such primary disposition. (See said Act, Lester's Land Laws, 158, 159; Section 13 of Act to ascertain and settle the private land claims in the State of California, Lester's Land Laws, 177; Section 6 of Act of Congress, passed March 3d, 1853, to provide for survey of public land in California, the granting of pre-emption rights, etc., Lester's Land Laws, 207; Section 7 of Act of Congress, passed May 30th, 1862, to reduce the expenses of the survey and sale of public lands in the United States, Laws of Congress, 1861–2, p. 410; *Doran* v. *Pacific Railroad*, 24 Cal. 245.)

*Whitman & Wells*, for Respondent.

Plaintiff pretends to set up a pre-emptive claim to the premises, and urges this as good reason in law why judgment should not go against him.

The pretended entry of the defendants was upon unsurveyed lands at a time when such entry was unauthorized by law, the same only having been authorized, if at all, which we have before had occasion to question, by Act of May 30th, 1862. (12 U. S. Laws.)

The plaintiff held a title derived from Vallejo, and the Act of March 3d, 1863, has extended to all persons standing in that position the privilege of pre-emption, limited only by the extent of their possession at the time of the rejection of the Suscol grant.

The case finds that they are proceeding to avail themselves of the privileges granted by that Act.

By the Court, SANDERSON, C. J.

Plaintiff sues to recover the possession of eight hundred and fifty acres of land. The complaint is in the usual form. The defendants answer separately, denying the allegations of the complaint, and further aver that each of them has settled upon one hundred and sixty acres of land and claims the same under the pre-emption laws of the United States. McGoogin further says that only forty acres of his tract is a part of the land sued for, and as to the remainder of the land described in the complaint he disclaims. The other defendant, Alvord, says that only eight acres of his tract is a part of the land described in the complaint, and he disclaims any interest in the residue. The case was tried by a jury, the plaintiff obtained a verdict and judgment in his favor, and the defendants appeal.

It appears from the transcript that the land in controversy is or was a part of the so-called Suscol Rancho, formerly claimed by Mariano G. Vallejo, under a grant from the Mexican Nation, which grant was held to be invalid by the Supreme Court of the United States in February, 1862, and the claim accordingly rejected. Previous to this rejection, however, the plaintiff had become a *bona fide* purchaser of the tract in question, under the supposed Mexican grant, and had inclosed the same by a fence. After the grant was rejected, in April or May, 1862, each of the defendants settled upon his tract and built a house, and has resided thereon ever since. On the 12th of October, 1863, the defendant McGoogin filed with the Register of the United States Land Office his declaratory statement giving notice that he claimed his tract under the pre-emption laws of the United States; and the defendant Alvord filed a like notice on the 18th day of November, 1863. On the 3d of March, 1863, Congress passed an Act authorizing the Commissioner of the General Land Office to cause the lines of the public surveys to be extended over the Suscol

Rancho, and to have approved plats thereof duly returned to the proper District Land Office; and further providing that within twelve months after the return of such surveys it should be lawful for all *bona fide* purchasers from Vallejo or his assigns to enter according to the lines of such surveys the land so purchased, to the extent to which the same had been reduced to possession at the time said grant was rejected. Within the time prescribed by this Act the plaintiff made claim to the land in question under its provisions before the Register and Receiver of the proper Land Office.

It is unnecessary to notice defendants' exceptions in detail, the only question involved, generally stated, being whether, upon the foregoing facts, the verdict and judgment of the Court below was right, and of this we think there can be but little doubt. The facts bring the plaintiff clearly within the provisions of the Act of Congress specially providing for the disposal of the tract of public land in question. By the passage of that Act the land in question was withdrawn from the operation of the general laws providing for the disposal of the public lands and its disposal specially provided for before the defendants had filed their declaratory statement under the general law. The prior possession of the plaintiff, accompanied by this express license of the General Government, was sufficient to entitle him to recover.

Judgment affirmed.

Mr. Justice CURREY expressed no opinion.